**In the Matter of Pendleton WAUGH.**

**No. 95–0941.**

Supreme Court of Texas.

June 14, 1996.

Pendleton Waugh, Dallas, for appellant.

Dawn Miller, Office of the Gen. Council, Christine E. McKeeman, Bd. of Disciplinary Appeals, Linda A. Acevedo, State Bar of Texas, Asst. Gen. Counsel, Austin, for appellee.

**Opinion**

PER CURIAM.

Pursuant to TEX.R. DISCIPLINARY P. 7.11, attorney Pendleton Waugh appeals a decision of the Board of Disciplinary Appeals, claiming that he did not receive proper notice and an opportunity to be heard before the Board disbarred him. Because we agree, we vacate the decision of the Board and remand the case to that body for further proceedings.

The State Bar of Texas brought a compulsory discipline action under TEX.R. DISCIPLINARY P. 8.01–8.03 against Waugh before the Board by mailing him on June 20, 1995, a First Amended Petition for Compulsory Discipline and Notice of a Hearing.[1] This notice, mailed to Leavenworth Prison Camp, Leavenworth, Kansas, indicated that the hearing would be conducted on July 28, 1995. However, Waugh was away from Leavenworth from June 6, 1995, to July 13, 1995, so he did not receive the notice until July 17, 1995, when Leavenworth prison officials delivered it to him.[2] The hearing to determine

---

1. The State Bar had filed an earlier Petition for Compulsory Discipline, but it was never properly served on Waugh. As a result, an amended petition had to be filed and service at the proper address obtained.

2. From June 6 to July 13, Waugh was either in Dublin, California, on a witness writ (June 6—

whether Waugh should be disbarred was held on July 28, 1995, and the Board issued its decision on August 3, 1995.

Waugh claims he must be given 30 days notice of the Board's hearing, but he cites to no procedural rule or statute to support this assertion. He further claims that the failure to afford thirty days notice renders the disciplinary proceedings violative of the Due Process Clauses of both the Fifth and Fourteenth Amendments to the United States Constitution and of the Due Course of Law provision of the Texas Constitution. Finally, he asserts that he did not know he would be absent from Leavenworth until the day he departed, June 6, so he could not have notified the State Bar or the Board of a temporary mailing address.

We conclude that Waugh's rights are governed by the RULES OF PROCEDURE FOR COMPULSORY DISCIPLINE MATTERS BEFORE THE BOARD OF DISCIPLINARY APPEALS, promulgated by the Board pursuant to TEX.R. DISCIPLINARY P. 7.08(A). These rules provide that filing the petition and serving the Respondent are to be done "in accordance with the Texas Rules of Civil Procedure." The Rules also say that "notice shall include the date and place of hearing which shall not be fewer than 20 days from the service of petition" and that Respondent shall have twenty (20) days from the date he "receives" the petition to file an answer. This twenty day time to answer is similar to TEX.R.CIV.P. 99(c), which provides that a defendant has until "10:00 a.m. on the Monday next following the expiration of twenty days after" the date he or she is served with the citation and petition in which to answer.

The record contains no evidence that Waugh was served with notice twenty days before either the July 28 hearing or the August 3 decision. While Waugh admits that he received the Amended Petition on July 17, 1995, that was only eleven days before the hearing and only seventeen days before the Board issued its decision disbarring him. Thus, the Board failed to follow its own procedural rules, thereby denying Waugh

June 28), or was in route back to Leavenworth via the Federal Transfer Center in Oklahoma

proper notice and an opportunity to be heard before he was disbarred. For this reason, the Court vacates the decision of the Board and remands this disciplinary action to that body for a hearing on the merits.

City, Oklahoma (June 29—July 13).